HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE RIVERA,<br><br>        Plaintiff,<br><br>   v.<br><br>PUYALLUP TRIBE OF INDIANS; ROLEEN HARGROVE; SYLVIA MILLER; NANCY SHIPPENTOWER GAMES; and WILLIAM STERUD,<br><br>        Defendants. | CASE NO. 3:12-CV-05558-RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I.  INTRODUCTION

THIS MATTER is before the Court on Defendants' Motion to Dismiss under Rule 12(b)(1) for lack of jurisdiction [Dkt. #13].  Plaintiff Michelle Rivera presents claims arising from her termination as Director of the Tribal Council Office.  Defendants Puyallup Tribe of Indians and the individual Tribal Council Members argue that there is no federal question jurisdiction, and they have sovereign immunity in federal court.  Rivera argues that federal jurisdiction is appropriate because no other forum is available.  After reviewing the materials submitted with this motion, including counsels' nine back and forth declarations, Defendants' Motion to Dismiss is GRANTED, and the case is DISMISSED with prejudice.

## II. BACKGROUND

The Puyallup Tribe of Indians is a federally recognized American Indian tribe. Complaint, Dkt. #1 at 1. The Tribe was established by the Treaty of Medicine Creek in 1854 and is located within Pierce County, Washington. *Id*.

Rivera alleges that Council members participated in a long-standing pattern of abuse and belligerent behavior against her, culminating in the passage of a Tribal Resolution that reorganized her office and terminated her employment. *Id*. at 4-12. Rivera, a Tribe member, filed suit in Puyallup Tribal Court. *Id*. at 12. After all three Tribal Court judges recused themselves, Rivera filed suit in this Court. *Id*. A judge pro tempore has since been appointed to hear the case in Tribal Court. Def.'s Mot. to Dismiss, Dkt. #13 at 2; Pl.'s Memo, Dkt. #15 at 7.

## III. DISCUSSION

### A. Standard to Dismiss for Lack of Subject Matter Jurisdiction

A complaint must be dismissed under Rule 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III Section 2 of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until

1  plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375
2  (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore,
3  plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873
4  F.2d at 1225.

**B. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims**

6  Because Rivera alleges violations of Tribal law, her argument for federal question
7  jurisdiction relies on the premise that the Tribe "has failed and refused to provide a forum for
8  hearing Plaintiff's Complaint." Complaint, Dkt. #1 at 2. In light of Judge Randy Doucet's
9  appointment as Judge Pro Tempore over the Tribal Court matter, her argument is moot. Def.'s
10 Reply, Dkt. #23 at 3. Additionally, Rivera's allegations that bad faith motivated the Tribal Court's
11 delay after all three members of the bench recused themselves are speculative and unfounded.
12 Even if they were true, this Court still lacks subject matter jurisdiction.

**C. Defendants Have Sovereign Immunity**

14 Rivera also suggests that the Tribe waived its sovereign immunity through the Puyallup
15 Tribal Tort Claims Act (PTTCA). Complaint, Dkt. #1 at 3-4. Defendants correctly respond that
16 the Tribe's waiver only applies to actions brought in Tribal Court. Def.'s Mot. to Dismiss, Dkt.
17 #13 at 8. As a matter of law, Indian tribes are not subject to suit unless a tribe waives its
18 sovereign immunity or Congress expressly authorizes the action. *Kiowa Tribe of Oklahoma v.*
19 *Manuf. Technologies, Inc.*, 523 U.S. 751, 754 (1998). A waiver of immunity must be expressed
20 unequivocally and cannot be implied. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).
21 The Indian Civil Rights Act (ICRA) does not abrogate sovereign immunity except in the
22 case of habeas corpus. *See Santa Clara*, 436 U.S. at 59. Rivera is not seeking habeas relief.
23 More importantly, the Tribe expressly elected *not* to waive its sovereign immunity outside of
24 Tribal Court. Through his selective citations, Plaintiff's counsel illogically suggests that Rivera's

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS - 3

compliance with PTTCA requirements for bringing tort claims in Tribal Court somehow supersedes the Tribe's sovereign immunity in federal court.  Worse, he inexplicably ignores the PTTCA's clear limitation: "The Tribe may be sued solely in the Tribal Court.  Nothing contained in this Act shall be construed as a waiver of the Tribe's immunity from suit in any state or federal court." PTTCA § 4.12.030.  The ICRA does not abrogate the Tribe's sovereign immunity, and the Tribe has not expressly waived it.  Thus, the Tribe remains shielded from suit in this Court.

Tribal sovereign immunity, as with other types of sovereign immunity, also applies to officers acting within the scope of their authority.  *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 728 (9th Cir. 2008).  The PTTCA confirms this position: "Members of the Tribal Council shall remain immune from suit for actions taken during the course of and within the scope of their duties as members of the Tribal Council, and nothing contained in this Act shall be construed otherwise." PTTCA § 4.12.030(a).  Rivera's claims are based on the actions of Tribal Council Members voting on a Council Resolution, an action decidedly within the scope of their duties as members of the Tribal Council.  As such, sovereign immunity also shields the Tribal Council Members from suit in this Court.

### IV.   CONCLUSION

Defendants' Motion to Dismiss for Lack of Jurisdiction [Dkt. #13] is **GRANTED**, and Plaintiff's claims are **DIMSSED** with prejudice.

IT IS SO ORDERED.

Dated this 12th day of September, 2012.

Ronald B. Leighton
United States District Judge